The next argument will be in case number 2363.13 and 14, United States v. Prawl. May it please the court, my name is Murray Singer. I represent the appellant Brandon Prawl. I would like to take my time this morning to focus on the issue raised in my supplemental brief and to ask the court to do two things. First, to consider the constructive amendment claim that was raised in the supplemental brief under the plain air rule and under rule 52B. And secondly, to find plain air in what was plainly a constructive amendment of the indictment and to reverse appellant's conviction under count five. What do you do with the fact that you didn't raise it in your first brief on appeal? How do I explain that? I screwed up. So are we going to overlook that? Judge, 52B is permissive. The court can certainly say no, we're not going to consider it. I can't excuse my failure to raise it. I can point to the fact that trial counsel and trial lawyers... But do you think somehow you were rescued by the panel asking for supplemental briefing? Well, I'd ask... Gives you a fresh start. Well, my motion... I don't know what the law is in this area. I would look for it. My motion to the court was either to permit me to file a supplemental brief or to appoint new counsel. This was an issue that was not seen by the trial court, by the trial AUSA, by the trial counsel. So putting aside the question about whether it's waived on appeal, I mean, isn't what you just said pretty instructive? I think that even Prawl's counsel at the trial not only didn't notice it, but in fact, you know, his proposed jury instructions said the second element, the government must prove beyond a reasonable doubt that the defendant not only used or carried a firearm during a relation to, or that the defendant not only possessed a firearm in furtherance of the commission of the crimes charged in counts one to four and six. So Prawl's own proposed jury instructions identified count six as a predicate of the firearms charge. Yes. So putting aside, you know, the waiver on appeal, doesn't that mean even if there were an error, it would be what we've called an invited error that Prawl said to district court, you should adopt instructions that tell the jury that count six is an acceptable predicate? It's interesting how you phrase that, Judge, because I've thought about that. Mr. Prawl did not ask for any of this. The error is made by myself and by prior counsel invited here. We don't have here in this case. He's the one effective. We don't have in this case an ineffective assistance of counsel claim, right? There should be and I imagine will be. So at this stage, until Mr. Prawl is making a claim for ineffective assistance of counsel, we're going to accept counsel's choices as attributable to him. But it might be that it's invited error, and so then he loses on this question, and then later he can say, well, I had ineffective assistance because my counsel should not have invited that error or should have insisted on something, a different jury instruction, right? But, like, if he's not making a claim that he had ineffective assistance of counsel, we can't infer that what counsel was doing was, you know, we should discard, right, in this posture. I think you can, and I think you should. Well, do you think counsel was ineffective for telling the district court that the instructions should include count six as a predicate? Yes, because that's not what was charged in the indictment. The indictment is plain as day. Okay, so that isn't the right way to challenge that to say that his trial counsel was ineffective. That is one way. Because his counsel walked into court and said to the district court, you should instruct the jury that count six is an acceptable predicate for the firearms charge. It doesn't seem to me that the district court, by accepting the proposed instructions by the government and by the defense counsel, is making an obvious error. It might be that the counsel was bad, and that's, you know, the way you resolve that is to say that the counsel was ineffective. Right? The trial court actually went further, narrowed it further, or compounded the error that was made by trial counsel by saying that it was only count six. Yeah, I understand. But if you look at the government's proposed instructions, they say count six. If you look at Parole's proposed instructions, they say one to four or six. So the only agreement between the government and defense counsel was count six. So if a district court is deciding how to do the jury instructions, and he says, okay, both parties agree that this is an acceptable predicate, it doesn't seem to me the district court is doing something plainly erroneous when it accepts that recommendation. I mean, how is it possible to say that? Because it's not what the statute charges. That's not what the indictment charges. A grand jury voted an indictment that said it was. I mean, the judge is not supposed to look around and search for issues. It depends on the parties. Well, it's on the parties, but I'd submit it's also on the court to say that you're submitting. I mean, I encountered this perhaps more from the defense side when I'm in front of a district court on trial. The error was a play to you. The error was a play to the government. Well, I mean, I'm not going to try and. Well, as you do. I think all the parties at the district court bear responsibility for the error. The indictment says what it says. If I go to a court and say, judge, I'm asking for an instruction X, Y, Z, and the court looks at it and says that's not what the indictment says, I can't charge that, I won't charge that. I think the district court bears responsibility as well. We're talking, I think, a little bit about equities here, and I'm looking at And what I'm asking the court to do is to find under 52B that there was plain error. There wasn't error. Had trial, and I think we can acknowledge that there was error, because had trial counsel said to the court, judge, we can't charge count five, the 924C count, to include count six, the possession with intent to distribute. That's not what's in the indictment. I think everyone would have agreed. The indictment didn't need to specify the underlying drug offense at all, did it? I'm sorry? The indictment didn't need to specify whether it was possession or intent or distribution at all. It did not have to, but it did. And so if it had said nothing, then there wouldn't have been an error. Correct. Correct? So it would be odd, then, to say that something that was not required becomes a kind of structural, constructive amendment. Well, this court has stated that in various other cases. So what about the cases that the government points to where there were changes between the indictment and the conviction and we affirmed? There's the D'Amelio case where there's one means of interstate commerce to entice a child, but then the conviction was on another. There's Dupre where the indictment was on one wire transfer, but then the conviction was on another one. I mean, we've affirmed. And I can point out cases where there were changes. Okay, but what do we do with these? Partly depends on how the indictment is drawn, whether if it were broad enough to encompass either theory. That's one thing. What would you have to say about these cases that the government points to? Well, I think there's an inconsistency between a number of the cases that have come through the court, depending on what the circumstances are. We know that if, let's say, you know, in this case, the indictment said for count one, distribution of a controlled substance that is heroin on September 5th, 2019, right? If it turned out the evidence at trial showed that he was distributing cocaine on September 5th, 2019, under our precedence, that would be a variance, but not a constructive amendment, right? Yes. So count five says possession of a firearm on October 4th, 2019, and furtherance of a drug trafficking crime that is distribution of a controlled substance. If, in fact, the evidence at trial showed that it was not distribution on October 4th, 2019, but possession, why does that look a lot like the cases that say that switching out the substance is not a constructive amendment? Because we're talking about a different date and a different time. We're not talking about a different date because count five says October 4th, 2019, right? Actually, I don't know. Just reading the indictment, you might assume because it says October 4th, 2019, and the only crime charged on October 4th, 2019 is the possession with intent to distribute. Maybe you might think that it really is referring to the possession, but it does say distribution. I acknowledge that. But it would have been permissible to say possession, and we know that if count one said heroin but it turned out to be cocaine, why wouldn't we treat count five where it says distribution and it turned out to be possession with intent to distribute the same way? Because the distribution happened a month earlier or days or weeks earlier. I understand, but we talk about giving notice of the core of criminality, and we actually do put a lot of emphasis on the date and time of the conduct. And count five says October 4th, 2019, right? Well, because that was the only day and the first day that a firearm came into the case because the firearm was recovered on that day. I understand, but so the indictment is telling parole, we think that on October 4th, 2019, you possessed a firearm in furtherance of a drug trafficking crime. It does say we think that it was distribution, but it also says we think it's on October 4th, 2019, under the circumstances under which you were arrested with the firearm, that we think was the criminal activity. So if it turns out that he didn't end up distributing on that date, he only possessed with intent to distribute, why doesn't that look a lot like if count one said heroin but it turned out that he was selling cocaine? I would submit that the way that the indictment was drawn answers the question. Because we see this in many cases with 924Cs, where there might be a one Hobbs Act robbery and there's a 924C count of possession in the course of committing that crime. And then a second Hobbs Act robbery and a second 924C count. In this case, this indictment has four sales and then a 924C count that specifically addresses the four sales. And then after that, they've added. I guess I agree that it's weird that the firearm charge is in the middle of the drug charges, but it does say October 4th. Can I ask just when you were talking about what would happen if trial counsel had objected, so what would have happened? So if everybody seemed to think that count six was an acceptable predicate, if when they were deciding on the jury instructions, the trial counsel had gotten up and said, well, actually, I've just noticed that the indictment says distribution. So I don't think count six is an acceptable predicate. What would have happened then? I guess the district court would either have made a determination as to whether this is an amendment or a variance and then decided what to do in light of that determination. And then if he thought that it required a change in the indictment, what would have happened? They would have convened a grand jury to amend the indictment? At the end of the trial? I don't know how they would have done that. So it would have been a trial or it would have been there was no way. There was no way for count six to be the predicate. Is that your position? That is my position because that's what the grand jury voted. You might have dismissed count five and just gone with the other counts. That's what we're asking the court to do here? But at sentencing, he could have come up with the same sentence because there were enough years under the guidelines, under the statute, in the other counts. So, you know. I can't even get to that. I mean, I suppose it's possible, yes. It can be considered relevant conduct and considered in the course of sentencing. The fact is that in this case, a grand jury voted an indictment with a two-wit clause and a very specific claim. And the court charged the jury that you can convict them on something else. It said that is. I wonder about that. The government seems to think two-wit or that is is the same. I don't know. It seems to be a little more precise and specific when you're saying that is distribution as opposed to two-wit, which could be an example of a violation. I don't know. In any event. I'm over my time. But actually, so just, you know, I asked you why shouldn't we treat the change in evidence from distribution to possession with intent to distribute the same way we would treat the change of the drug, the controlled substance. And you have these arguments. Well, it's more important. There were charges about distribution. Maybe you would have thought that really that was the predicate. But, I mean, you could see that there is an intuition that maybe it should be treated the same way. So just in light of these arguments back and forth, doesn't that at least mean it's not a plain error on the part of the district court? I would say no. To avoid concluding that it's a constructive indictment. Sorry, amendment. It's a different crime. It's not substituting one substance for another. It's a different crime. I understand. But why is that different? So an element of the firearm charge is that you possess the firearm in furtherance of a crime that happened on that day. Of a specific crime that the grand jury voted. I understand, but the grand jury also voted on the specification of heroin, too, right? The grand jury in this case voted distribution. Right, they voted distribution. That is heroin. Excuse me, let me just finish the thought. The grand jury voted on four counts that say distribution, that is heroin. They also voted on possession of a firearm in furtherance of a drug trafficking crime, that is distribution. If it turned out at trial that the evidence showed it was not heroin but it was cocaine, that would be a variance and not a constructive indictment because that's what our precedents say. Under the court case law, yes. Okay, so then there's an intuition that says, well, if they voted possession in furtherance of drug trafficking crime, that is distribution, and it turns out that the evidence showed it was possession with intent to distribute. Seems like that's pretty similar. Maybe there's an argument that it shouldn't be treated the same way. I don't think it is similar. So why? So why would it be so obvious to the district court that we think it's a plain error? Because it's a – It's not so much a reasonable dispute. So you're saying – what I'm saying is not even reasonable. Like no reasonable jurist would suggest that this looks like swapping out cocaine for – yeah, cocaine for heroin. Because we're talking about a crime, a possession that relates to crimes that took place in September. And then you're saying, well, we've decided that we're going to make that possession relate to a different crime, a separate crime that happened in October. So you're saying the idea is he doesn't have notice of the course of conduct to which you're referring because he thinks you're talking about the September crimes and not the October crimes? There's every reason to think that. That's the way the indictment reads and the possession was the only – But then wouldn't it matter that in fact count five says October 4th, 2019? Well, that's the date that the firearm was recovered. There was not – there's not a single shred of evidence that relates to a firearm during the four drug sales. There's no mention of any firearm in any of them. So it could only relate to October 4th. Your argument is twofold. One, it was possession and not distribution on the 4th – on the October 4th. And also that they were different days and therefore they were different – it's a different crime. What it comes down to ultimately is that the grand jury voted this indictment. And that is the source of the argument that I make into the court, that it was an amendment of an indictment voted by a grand jury that we have a right to rely on under the Fifth Amendment. That the indictment was written the way it was and the court charged the jury that you can consider something different than what was in the indictment. And that's the crux of our argument. I think Judge Benesh is making about the court criminality. That it's – one has trouble if you're going on a plain error aspect of this to see how it offends the reputation of the judiciary to overlook the error. Because the defendant was convicted for a crime that he had not been indicted for. And that should be a concern. I would suggest to every court – it's not for me to say that – to make that determination for the court. But that's what I'm asking you to determine. A man is convicted in certain time in prison for a crime that he was not indicted for by the grand jury. Thank you, Counselor. Thank you. We'll hear from the government. Good morning and may it please the court. Joshua Rothenberg for the government. I'd like to begin with the constructive amendment argument. Your Honor mentioned you hadn't seen law on what to do when there is a supplemental order of briefing. As it happens, this court issued an unpublished order on Friday that considered a similar situation. Although there the order for supplemental briefing was sua sponte and not in response to a motion. And said that there was still abandonment of the argument. This argument was not raised in the opening brief. It was not raised until the supplemental brief. It is therefore abandoned. That being said, even if it wasn't, it is certainly forfeited. And counsel has admitted that the plain error standard applies. Counsel cannot show plain error. He has not directed the court to a case, a binding case of this court. Before we get there, what about what I was suggesting about invited error? So, you know, we say that that's a species of a kind of affirmative waiver. It's not simply forfeiting an argument. So if Prawl actually said to the district court, I think you should instruct the jury that count six is a predicate. That's more than just not making the argument or failing to object, right? It's inviting the district court to do the thing that he now claims is an error. Your Honor, I would agree with that. I do want to note that Ashton had some things to say about invited error. Now that was a change of plea hearing where the defendant failed to object. And the court said it wasn't going to consider it as invited error. This is the affirmative submission of a jury instruction. So the court could draw that distinction. But it does get a little complicated there. Whereas on the plaintiff's front, the plain error— Sorry, so what is—so what's complicated about that? So if that case is about failing to object, isn't that different than affirmatively asking? Asking the district court to instruct the jury on count six? I believe there was some indication that counsel had conferred and agreed. In that case, it was also a 924C, but the change was the specific firearm. And it seems like the counsel had conferred and agreed to change from pleading guilty to one firearm to pleading guilty to another firearm. Because of that, there was at least some concern, and we raised the invited error argument. It was rejected. So when is—so, I don't know, if you take that seriously, when do you think something is an invited error as opposed to not? Your Honor, I mean, usually, again, I think focusing on what counsel submitted would be a fair distinction that would make it invited error in this case. I just want to caution the court that because of what Bastian says, there is some concern there. But again, on plainness, I think it's very clear. I mean, Bastian was a plain error. I'm interested in your argument on the merits here of the actual constructive amendment. It seems to me you've got a problem because you end up with a distribution indictment. The indictment says distribution referring to October 4th, and October 4th, there was no distribution. The only distributions were on earlier days. So I don't know of any cases out there that support your position where there were these two facts, right? Not only what they said at the indictment, but also the difference of the dates. Maybe you can help me on that. Absolutely, Your Honor. So we think that it is a to-wit clause. I know Your Honor had some skepticism, but we do think Black's Law Dictionary supports that that is, in an indictment, is the same as saying to-wit. In other words, it's just an example. Really, it was as though distribution hadn't been mentioned in the indictment. We could just treat it as a drug-trafficking crime period. Yes, Your Honor. And in D'Amelio, what this Court said about a to-wit clause is, well, look, the clause right before the to-wit clause is more generally drawn. And that's so here as well. How would it be true if there was prejudice in the indictment, right? I mean, if they could come forward and show that the indictment actually misled them and they were defending on the basis of the distribution when there wasn't any. That's right, Your Honor. If there was a prejudicial variance argument, and just to be clear, there's been no prejudicial variance argument, and that's because the defendant—  But if there was a prejudicial variance argument— That's because what were you going to say, that there's no prejudicial variance argument? That's because— That's because the defendant clearly preceded the trial under the impression that he was charged with regard to count six. Nobody paid any attention to the indictment, in fact. Yes, Your Honor. Or because it's the same core of criminality, right? I mean, when you're looking at it, we charge— Well, he's a drug dealer. Right. And he distributed on certain occasions that he possessed. On another occasion, he was charged with distribution of that last occasion. And in October 4th, on October 4th, we found him in an apartment with several thousand dollars' worth of heroin and a firearm, and we think that's a 924C. And so, to be clear, there's more on that if I do have time to get to— Well, in terms of possession, in terms of—if he'd been indicted with possession, you'd have a strong argument. Right, Your Honor. But I think that that is what I'm saying about the core of criminality, is that the defendant clearly was on notice that we're talking about October 4th. Now, if we rule in your favor on the merits, what does that do to stir up the bleeding case in, I guess, 1960 or thereabouts that led to this whole line of cases? Because it seems to me that basically if you've indicted a person on Crime A and he's convicted on Crime B, which is committed on a different date, that that really has to be— I don't see how you get around a constructive amendment, but maybe you do, and you make a valid argument towards that effect. It's basically the same core of criminality, but it's not the same as changing drugs, and it's not the same as picking a chemical or a fraud that has multiple components to it. That's all on the same day as part of—I could easily see how that's the same core of criminality. But this is over time. So, Your Honor, two things. First of all, if you go with the plaintiff's prong, you don't have to do anything on Sterone. But I think D'Amelio speaks to this, right? When you have a complex set of facts with multiple offenses, that would be a concern. And I don't think we could have convicted him here based on the firearm being at one of the distribution settings, so there was no evidence of this. But I don't think even if we had evidence that it was at one of the distribution offenses, I don't think we could have convicted him because I do think we bound ourselves to show that there was a drug trafficking crime on October 4th. And once we did that, I think it becomes clear that we are talking about that same core of criminality, whether or not we misalleged which particular type of drug trafficking— I think we're really—why does this involve the behavior of a drug dealer? Yes, Your Honor. Essentially. On October 4th. What we're charging on October 4th, which again is set forth right in that indictment, on October 4th he possessed this drugs, on October 4th he possessed this gun. So does it matter what else is charged in the indictment? So let's say there wasn't a count six. There was count one through four, which is distribution, and then count five that says possession of a firearm in furtherance of a drug trafficking crime, that is distribution. And you don't separately charge possession. And so you might read that indictment to think that it is talking about we're going to prove that he possessed it on October 4th and it means that he had it when he engaged in distribution on the earlier dates. Would that be a problem? If then at trial you start showing that actually he engaged in possession on October 4th, we just didn't separately charge it in the indictment. So, Your Honor, I think it would be a harder case than this one. I don't want to concede anything here, but I do think if you look at the Wozniak case, this Court does pay attention to what's indicted. In Wozniak there were two indictments. But so if you're saying it matters what else is in the indictment, then you're already talking about whether there was prejudice to him. So you're not sort of saying it doesn't matter. You're sort of saying, well, you should think about it like a variance, and you should decide whether there's prejudice, right? Your Honor, I think in D'Amelio one of the things this Court said is that whether the defendant has notice is part of the analysis for constructive amendment. Not as a prejudice, because of course there would not be a prejudice analysis, but as part of looking as to whether it is the same court of criminality. So your friend is kind of right that there's other cases going the other way. And I'm not sure how your court of criminality test applies to cases like Zingaro, Milstein, Hassan, where there were mistakes that were construed as constructive amendments. And what do we do with those? Well, Your Honor, first of all, if there's two sets of cases going the other way, and it's not clear under plain error, what you say is that any error was not plain, and you should therefore affirm. Okay. That being said— How do we articulate a court of criminality test when you have cases that don't seem to fit? So, Your Honor, I believe, and I may—one of the cases you mentioned, at least, I didn't recognize the name of, so I don't want to say anything that could be wrong. But I believe most of those cases did involve much more complex sets of facts than what's going on here. Here, it is much more like the simple set of facts where we know we're talking about one day, we know we're talking about one set of facts, and once we're talking about that one set of facts, it is not a constructive amendment to say— But why do we know that we're talking about one day when, in fact, the indictment charges distribution over the course of September, then charges possession in furtherance of distribution, and then says, well, there was also a separate possession? Because— Why wouldn't you read that to think that the possession in furtherance of distribution is referring to September? Because, first of all, we said it was on October 4th. We said that Count 5 is October 4th, and I do think it might have been a constructive amendment, had we tried, as I said, to hinge it on one of the September counts. And secondly, we referred to the specific crime method, that is clause. And again, I think that's a signal that says we are not saying that this is the only way of proof. This is not the whole of the thing we're saying. That is clauses are offset from the main clause. What if there had been no counts 1 through 4, and you just had an indictment that said distribution, and all the proof you had was October 4th? How would you fare under those circumstances? Your Honor, again, I think it would be quite similar to what we have here. I think it would be even easier for us— In other words, the first four counts really are irrelevant to the analysis. That's correct, Your Honor. But why would they be irrelevant? I mean, there's a—you say in Count 5 distribution of a controlled substance. After charging four counts of distribution of a controlled substance, how could it possibly— I mean, a reasonable person would understand that to be referring back to the distribution counts. Your Honor, I don't think they would under these circumstances where we say it's a different date, right? Because if we just said there was no date here, maybe we would have a problem. But since we said October 4th, he can't have understood that we were talking about the September counts because we said, no, on October 4th, he possessed this gun in furtherance of a drug trafficking crime. That has to have happened on October 4th. It can't have been something that happened previously. So, again— Why? Why couldn't it be that, you know, we found you possessing the gun on—I mean, I guess there's two possibilities. One is we found you possessing the gun on October 4th, and it allows for the inference that you had the gun accessible throughout September because that's where you did all the distribution offenses. Or it might mean we think you actually distributed on October 4th. We're just charging you with possession. So the second one, I think, could be a problem for us. But in terms of the September counts, I just think that in this instance, the way that 924C is drawn, the evidence in this case, that's not a reasonable inference to draw here. So can I ask the question that I asked you opposing counsel? So if, in fact, the defense counsel had noticed this problem and asked the district court, no, you can instruct the jury that count 6 is an acceptable predicate, what would have happened at that point? I think it depends when exactly. If it was before trial, I think we would have sought a new superseding indictment. I think we probably could have, and we would have properly charged it with possession with intent. Again, our mistake here was not doing that charge. If it was at the end of trial and it was the context of a motion for acquittal, I think the district court might have had to acquit him, and he probably would have been barred by double jeopardy from bringing a new indictment. So you're saying the district court would have had to acquit him. Yes. But you're saying if he had raised it before trial, the district court would have had to acquit him. But then you're also telling us, sorry. I'm sorry, Your Honor. I'm saying if he had raised it before trial, we would have had a chance to seek a superseding indictment. Before trial, you could have sought a superseding indictment. But if it's after trial, you're saying acquittal would have been inevitable. I think if he brought it as a motion for acquittal, we might have had an issue. If the district court, sorry, let me back up. If the district court had found a constructive amendment, it would have gone to acquittal. Well, right. So that was my question.  If it had not found a constructive amendment. I'm sorry, Your Honor. I didn't mean to interrupt. Right. So you're not saying that it necessarily would have led to an acquittal. Because you would have argued that it's not a constructive amendment, right? That's right, Your Honor. I'm so sorry. I did skip that step, which is an important one. But, yes, plenty of the de novo cases, that is the pattern as to what happened. There was an objection at the end of trial. We argued it was not a constructive amendment. We prevailed on that. And then we would prevail, sometimes prevail, sometimes lost in this court. So you got what I was saying earlier, which is that we have case law that says if you swap out the controlled substance, that's a variance and not an amendment. But, you know, a crime has elements to it. Like, it's not just the substance that fits into the elements. So we think about a crime like a firearms charge that has a predicate crime. Do we think about the elements of the predicate crime as being part of the elements of that crime? Or the crime is just a means and it can be swapped out with other means the way you can swap out controlled substances? Your Honor, I think it's a means. And I think it's a means partially because of the unit of prosecution being that we can't prosecute multiple, you know, possession of a firearm in furtherance of multiple felonies. We can't. We would need both a different felony and a different firearm. So it suggests to me that it is a means. Ah, I see. So actually if on – well, I don't know. So on October 4th, let's say he didn't just possess with intent to distribute but actually distributed. But you also wouldn't charge him separately with possession with intent to distribute and also distribution, right? That's right, Your Honor. So it would just be distribution. Probably. Or we would just charge possession. But it's often the case that when someone is violating the Controlled Substances Act, they first possess with intent to distribute. Then they distribute. Maybe they're also maintaining a drug-involved premises, right? So they may commit multiple crimes at once all while bearing that firearm in furtherance of, again, if I may, a single court of criminality. That is, the drug-trafficking offenses that they're committing. And we could charge with alternative theories and say he committed – you know, he was possessing this firearm the whole time. There were three underlying drug offenses. We could – Well, distribution carries with it the idea that there's possession before there's distribution. Yes, Your Honor. So that's an easy one. That's different from this case, though. Yes, Your Honor. What I'm saying is that if we had charged on a day where there was distribution, we might still charge a 924C where we're saying we're not sure we can prove it further, the distribution. But we think we can prove –   Your Honor, if you have any other questions, I'm happy to answer them. But what you're saying is even if you charge him with distribution on October 4th, you can still charge with possession in furtherance of possession with intent to distribute. Yes, Your Honor. Because you would have said, well, we can't show that the gun was furthering the distribution. Yes, Your Honor. I think that's right. Is the fact that you're charging in Count 6 only possession with intent to distribute, does that say anything about how a reasonable person would understand what the predicate for Count 5 was? I do think so, Your Honor. I think in this particular case, under these particular facts where we caught him with his shirt still off, I think it would be understood that we were trying to charge possession with intent to distribute as the predicate for Count 5 and that we messed that up. Although, again, we did it in a that-is clause. Thank you, counsel. Thank you, both. We'll take the case under advisement.